UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELANIE ANN JOHNSON, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:17-cv-00230 |
| NORTH AMERICAN VAN LINES, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW comes MELANIE ANN JOHNSON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of NORTH AMERICAN VAN LINES, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 63 year old natural person residing at 615 North Maple Street, Ingalls, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a professional moving company specializing in local residential, corporate relocation and long distance moving services. With its principal place of business located at 5001 US Highway 30 West, Fort Wayne, Indiana, Defendant conducts business with consumers throughout the U.S.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In late 2016, Plaintiff's information was entered on Defendant's website without her permission.

10. In January 2017, Plaintiff began receiving calls from Defendant to her cellular phone, (317) XXX-8277. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8277. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. The phone number that Defendant most often uses to call Plaintiff's cellular phone is (800) 225-3653. *Id.*

13. Upon information and belief, the phone ending in 3653 is regularly utilized by Defendant to contact consumers during its solicitation activities.

14. Upon answering phone calls from Defendant, Plaintiff experiences a brief pause before a live representative begins to speak. *Id.*

15. On Defendant's website, if a consumer is seeking to obtain a quote, Defendant states, "By Pressing the submit button above, you give North American Van Lines your consent to use automated telephone dialing technology to call you at the phone number provided including your wireless number and you agree to our Privacy Policy. If you do not consent please call us at 1-800-228-3092."[1]

16. Upon speaking with one of Defendant's representatives, Plaintiff was informed that it was a moving company that was looking to help her move out-of-state. *Id.*

17. Plaintiff never had any intention of moving, as her information was provided to Defendant without her knowledge or permission, so she demanded that it stop calling her. *Id.*

18. Despite her demands, Defendant has continued to call Plaintiff's cellular phone up until the present day. *Id.*

19. Defendant calls Plaintiff's cellular phone multiple times during the same day, even after being told that she is not interested and to stop contacting her. *Id.*

20. For instance, on January 15, 2017, Defendant called Plaintiff's cellular phone not less than four times. *Id.*

21. Defendant has also placed back-to-back phone calls to her cellular phone. *Id.*

22. Plaintiff has received not less than 15 calls from Defendant since asking it to stop calling. *Id.*

---

[1] https://www.northamerican.com/free-quote

23. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

24. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $56.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss. *Id.*

25. Plaintiff has suffered financial loss as a result of Defendant's actions.

26. Plaintiff has been unfairly harassed by Defendant's actions.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

30. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The brief pause that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is instructive that an ATDS was being

utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS. In addition, Defendant's website states that it uses automated telephone dialing technology to contact consumers interested in its services.

31. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Even if Plaintiff *may* have consented to receive solicitation calls from Defendant through means of an ATDS, such permission was explicitly revoked by Plaintiff's demands to cease contact.

32. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Plaintiff has been subjected to a harassing solicitation campaign by Defendant. Despite being told to stop calling, Defendant has been undeterred in its illegal behavior.

WHEREFORE, Plaintiff, MELANIE ANN JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Awarding Plaintiff costs and reasonable attorney fees;

   d. Enjoining Defendant from further contacting Plaintiff; and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic solicitation efforts towards Plaintiff.

36. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

37. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

38. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

39. Defendant's solicitation calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

40. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent solicitation, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff that she was not interested in its services and that she did not wish to be contacted. Plaintiff never knowingly gave consent to Defendant, as her information was obtained without her permission. Any consent that

Defendant *may* have had to contact Plaintiff via an ATDS was explicitly revoked.  However, Defendant consciously ignored Plaintiff's prompts in an abusive attempt to solicit her.

41. Defendant also placed multiple phone calls to Plaintiff's cellular phone during the same day.  Placing numerous calls within a short window was abusive to Plaintiff.  Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly.

42. In violating the TCPA, Defendant engaged in illegal behavior during its solicitation efforts towards Plaintiff.  Defendant intended that Plaintiff rely on its illegal behavior.  The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

43. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

44. Defendant's conduct is part of a purposeful and systematic scheme to illegally collect upon unsophisticated consumers who may not be aware of their rights.  Defendant's conduct is an incurable deceptive act of which notice would not remedy.  Through fraudulent conduct, Defendant represented that it had the legal ability to contact Plaintiff via an ATDS.

45. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her.  However, Defendant's conduct is an incurable deceptive act of which notice would not remedy.  The fact that Defendant was provided with notice to stop calling and refused to abide by said notice, evidenced by calling Plaintiff at least 15 times after she told it to stop, shows that its behavior is incurable.

46. Defendant's conduct is part of a systematic scheme to fraudulently contact consumers in Indiana. Upon information and belief, Defendant conducts the same type of behavior on a wide and frequent basis, which goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

47. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 22 through 27, Plaintiff has suffered numerous damages as a result of Defendant's unlawful solicitation practices. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, MELANIE ANN JOHNSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 23, 2017

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com